SPESSARD L. HOLLAND, as Governor of the State of Florida, J. M. LEE, as Comptroller of the State of Florida, and J. EDWIN LARSON, as Treasurer of the State of Florida, and collectively constituting the State Board of Administration, and THE STATE BOARD OF ADMINISTRATION, v. J. TOM WATSON, as Attorney General of the State of Florida.

14 So. (2nd) 200                                    June Term, 1943
June 15, 1943                                         En Banc
Rehearing Denied July 6, 1943

*D. Stuart Gillis* and *Giles J. Patterson,* for petitioners.

*J. Tom Watson,* Attorney General, *Lawrence A. Truett, Lewis W. Petteway* and *George M. Powell,* Assistant Attorneys General, for respondent.

TERRELL, J.:

In March, 1943, the Attorney General filed a bill of complaint in the circuit court seeking to restrain the State Board of Administration from retaining counsel other than the Attorney General. He alleges that under the common law, the statutes, and the Constitution of Florida, it is his exclusive prerogative to represent the said Board. A motion to dismiss the bill was overruled and that judgment is here for review under Rule 34 of the Rules of this Court.

The question presented is whether or not the Attorney General is under the law the duly authorized legal representative of the State Board of Administration or may the said Board in its discretion retain other counsel to represent it.

Under the common law, the Attorney General was the chief law officer of the State and his duties were varied and numerous. In England, he was the chief legal advisor of the crown, entrusted with the handling of all legal affairs and the prosecution of civil and criminal suits in which the crown was interested; he enforced public charities, supervised the estates of lunatics, could abate public nuisances, and could intervene in all proceedings which affected the public generally. We inherited the common law from England but it has

experienced many inflections in this country because of the disparity in area of the two countries (England's being one fortieth of ours) our heterogeneous population, and our dual sovereignty necessitating a Federal and a State aspect of the office of Attorney General.

The Federal statutes provide for an executive department to be known as the Department of Justice over which the Attorney General presides. His duties are not defined but he is required to conduct all litigation brought by or against the United States and to advise the president and heads of the different departments. Since the Federal government is one of delegated powers only and Congress can confer no power not expressly or impliedly included in the powers granted, it cannot be said that all the powers attached to the office of Attorney General, under the common law attach to the office of Attorney General of the United States. In fact, some of the best reasoned authorities contend that the United States has no common law jurisdiction.

In a few states, the Attorney General has only such powers as are expressly conferred by law. In many states, the statutes defining his duties are declaratory of the common law but the duties of that office have become so numerous and varied and vary so widely in different states and in some states they have been in part delegated to prosecuting attorneys that it is now generally conceded that the only safe determinator of his duties and prerogatives is to resort to the statutory and constitutional provisions of the State defining them. It is contended in the brief of respondent that State, ex rel. Landis, et al., v. S. H. Kress & Co., 115 Fla. 189, 155 So. 823, defines the common law duties of the Attorney General of Florida. The question in that case was whether quo warranto was the proper remedy to oust a foreign corporation from this State.

The duties of the Attorney General of Florida are set out in Section 22 of Article IV of the Constitution and Section 16.01, Florida Statutes 1941, as follows:

"Section 22, Article IV—The Attorney General shall be the legal advisor of the Governor, and of each of the officers of the executive department, and shall perform such other

legal duties as may be prescribed by law. He shall be reporter for the Supreme Court."

Section 16.01, Florida Statutes 1941:

"The Attorney General shall reside at the seat of government, and shall keep his office in a room in the capitol; he shall perform the duties prescribed by the Constitution of this State, and also perform such other duties appropriate to his office, as may from time to time be required of him by law, or by resolution of the Legislature; he shall, on the written requisition of the Governor, Secretary of State, Treasurer, or Comptroller, give his official opinion and legal advice in writing on any matter touching their official duties; he shall appear in and attend to in behalf of the State, all suits or prosecutions, civil or criminal, or in equity, in which the State may be a party or in any wise interested, in the Supreme Court of this State; he shall appear in and attend to such suits or prosecutions in any other of the courts of this State, or in any courts of any other state, or of the United States; he shall have and perform all powers and duties incident or usual to such office, and he shall make and keep in his office a record of all his official acts and proceedings, containing copies of all his official opinions, reports, and correspondence, and also keep and preserve in his office all official letters and communications to him, and cause a registry and index thereof to be made and kept, all of which official papers and records shall be subject to the inspection of the Governor of the State, and to the disposition of the Legislature by act or resolution thereof."

Summarized, Section 22 of Article IV of the Constitution makes the Attorney General the advisor of the Governor; each officer of the Executive Department, the Supreme Court reporter, and then clothes him with "such other legal duties as may be prescribed by law." Section 16.01, Florida Statutes 1941 was designed to embrace "such other legal duties as may be prescribed by law." They may be epitomized as follows: (1) Such duties as the Constitution and the Legislature lay on him, (2) His duties as legal advisor to the officers of the Executive Department, and (3) His duty as to litigation in which the State is a party or is otherwise inter-

ested. Some confusion exists in briefs of counsel as to who the "officers of the Executive Department" are but the Constitution concludes this in that it provides that the Governor shall be assisted in the performance of his duties by the following administrative officers: Secretary of State, Attorney General, Comptroller, Treasurer, Superintendent of Public Instruction, ond Commissioner of Agriculture. Such are the "administrative officers of the Executive Department" that the Attorney General is required to advise under the provisions of the statute and Constitution as quoted. Sections 20 to 28, Article IV, Constitution of Florida.

The State Board of Administration was first created and its duties defined by Chapter 14486, Acts of 1929, as amended by Chapter 15659, Acts of 1931. At the General Election in November, 1942, Section 16 of Article IX was added to the Constitution, the effect of which was to make the State Board of Administration a constitutional board with the same personnel and powers it possessed under the statute with some new powers added. There is nothing in the amendment or the statute which in terms authorizes the State Board of Administration to employ counsel or that makes the Attorney General counsel for it. The duties of the State Board of Administration are in the main fiscal. They had been previously performed by the counties and special road and bridge districts and are in no way related to the duties imposed on the officers of the administrative departments by the Constitution and the statute.

Chapter 14486 as amended by Chapter 15659 inaugurated a new and different policy for administering county and special road and bridge district bonds. It allocated a portion of the gas tax for the liquidation of these bonds and required the State Board of Administration to disburse said funds. Section 16 of Article IX of the Constitution incorporates by reference or in terms the salient provisions of the amended statute into the Constitution and extends them for a period of fifty years. It requires the State Board of Administration to disburse all bond funds of the counties and special road and bridge districts and it is clothed with all the powers and duties of boards of county commissioners and bond trustees

of special road and bridge districts in relation to said bonds. It is vested with power to issue refunding bonds and tax anticipation certificates to secure the payment of original bonds. It is authorized to invest funds in its control, to pay all refunding and other expenses incurred in this without limitation except as to amount which may be fixed by the Legislature, to prorate such expenses among the counties, and to make and enforce all rules and regulations necessary to the full exercise of its powers.

The State Board of Administration is composed of the Governor, the Comptroller, and the State Treasurer. The Attorney General is not a member of the Board and it was created for a function that has no relation whatever to the duties imposed on the Attorney General. It is not one of the Executive Departments that the Attorney General is required by the Constitution to advise, has no relation whatever to these departments, and was unknown to the common law. Its purpose is primarily one of fiscal administration and in performing the duties laid on them, the members of the Board act without reference to their duties as state officers.

The duties of the officers of the Executive Departments have no more relation to the duties of the State Board of Administration than have the duties of boards of county commissioners. In performing the duties of the State Board of Administration, the Governor, Comptroller, and State Treasurer act as members of the Board which might have been composed of three teachers, three preachers, three doctors, or three sheriffs. The functions of the Board are not those usually vested in State officers but were taken over by the State and transferred from county to state officers because the State recognized an obligation to the counties for expenditures made by them on state roads and because of involved financial hurdles that many county officers had revealed inability to cope with.

The duties imposed on the State Board of Administration, like those imposed on the Board of Commissioners of Everglades Drainage District, the State Road Department, the Blue Sky Board, the Board of Control, the Florida Industrial Commission, the Railroad Commission, the Parole Commis-

sion, and others embrace services to the public undertaken by state departments that were not contemplated by the Constitution when the executive departments were created and their duties delineated; each of these boards or departments has a peculiar field of operation not always governmental but of highly significant importance in the field for which it was created. In creating these boards, the Legislature might have made the Attorney General their legal advisor but it did not do so and the rule has been that they have employed special counsel. It has been held that the duties of the Attorney General do not extend to statutory boards like those ennumerated herein. Saint v. Allen, 172 La. 350, 134 So. 246; see also Follmer v. State, 94 Neb. 217, 142 N.W. 908. Ann. Cas. 1914 D.151.

In our view, the very terms of Section 16 of Article IX of the Constitution, the magnitude of the power granted, the scope and character of the labor required in its execution, and its importance to the fiscal policy of the counties and special taxing districts force the conclusion that the State Board of Administration is authorized to employ counsel to assist it. The very fact that it creates the Board a body corporate with power to sue and be sued and provides the means for it to liquidate a bonded indebtedness for the counties and special road and bridge· districts running into hundreds of millions of dollars and extending over a period of fifty years with power to issue refunding bonds and gasoline anticipation certificates would seem to foreclose the question. Since we find no intent on the part of the Legislature to extend the duties of the Attorney General to that of representing the Board, we are of the opinion that it may employ other counsel to represent it.

This rule may not apply to the Board of Commissioners of State Institutions and others created as adjuncts to the Executive Department when the members act in their official capacity and perform public duties. As members of the State Board of Administration after the funds allotted to it are allocated to the counties, all acts are performed in its corporate capacity and are in no sense related to their duties as state officers.

The petition for certiorari is therefore granted and the judgment appealed from is quashed.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.